UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
FREDERICK C. WEST,                : CASE NO. 5:16-CV-965
:
    Petitioner,               :
:
vs.                               : OPINION AND ORDER
:  [Resolving Doc. 1]
BRIGHAM SLOAN, Warden,            :
:
    Respondent.               :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Frederick C. West petitions for habeas corpus relief under 28 U.S.C. § 2254.[1] He alleges three grounds for relief.[2] After considering West's arguments, Magistrate Judge Kathleen B. Burke filed a Report and Recommendation ("R&R").[3] She recommends that the Court dismiss in part and deny in part West's petition.[4] Petitioner objects to the R&R.[5]

For the following reasons, the Court **OVERRULES** Petitioner's objections to the R&R, **ADOPTS** the R&R, and **DENIES** Petitioner's § 2254 petition.

## I. Background

In December 2013, a Summit County Grand Jury indicted West for one count of aggravated robbery, one count of obstructing official business, and one count of illegal use or possession of drug paraphernalia.[6] Ohio later added two repeat violent offender specifications were later added to the indictment.[7]

In April 2014, West moved to dismiss the case. He argued that the State of Ohio violated

---

[1] Doc. 1. Respondent filed a return of writ. Doc. 6. Petitioner filed a traverse. Doc. 7.
[2] Doc. 1-2.
[3] Doc. 8.
[4] *Id*.
[5] Doc. 11. The Court previously granted Petitioner's motion for an extension to file objections. Doc. 9.
[6] Doc. 6-2 at 1-2.
[7] *Id*. at 4-5.

his right to a speedy trial.[8] The trial court denied the motion.[9]

On June 10, 2014, the jury found West guilty of aggravated robbery and illegal use or possession of drug paraphernalia.[10] On August 5, 2014, the trial court found West guilty of the repeat violent offender specifications.[11] The Ohio trial court sentenced West to 12 years' incarceration.[12]

Petitioner West raised five arguments on direct appeal:

> 1. West was denied his rights to a speedy trial pursuant to the 6th and 14th Amendments to the U.S. Constitution; Article I, Section 10 of the Ohio Constitution; and the Ohio Revised Code.
>
> 2. West's aggravated robbery conviction was not supported by sufficient evidence, which violated his rights to due process under the 14th Amendment to the U.S. Constitution and Article I, Section 16 of the Ohio Constitution, and therefore his conviction on that count and the attached repeat violent offender specification must be vacated.
>
> 3. West's aggravated robbery conviction was against the manifest weight of the evidence, and must be reversed.
>
> 4. Introducing evidence of a suggestive and unreliable "show up" identification violated West's due process rights under the 14th Amendment, meriting reversal of his convictions.
>
> 5. During West's sentencing hearing, the trial court did not enunciate any sentence for West's misdemeanor drug paraphernalia charge, mandating reversal and a new hearing.[13]

On July 22, 2015, the Ninth District Court of Appeals affirmed in part and reversed in part the trial court's judgment.[14] The appellate court agreed with West's fifth argument, finding that the trial court erred by sentencing West to serve thirty days' imprisonment on the drug

---

[8] *Id*. at 6.
[9] *Id*. at 7.
[10] *Id*. at 9-10.
[11] *Id*. at 11.
[12] *Id*.
[13] *Id*. at 16-17.
[14] *Id*. at 119-139.

Case No. 16-CV-965
Gwin, J.

paraphernalia count without addressing that charge in open court.[15] The appellate court remanded the case to the trial court for resentencing on the drug paraphernalia count.[16]

On remand, the prosecutor recommended dismissing the drug paraphernalia count.[17]

On August 24, 2015, West filed a *pro se* notice of appeal in the Ohio Supreme Court.[18] West re-asserted the four arguments denied by the Ninth District Court of Appeals.[19]

On October 28, 2015, the Ohio Supreme Court declined jurisdiction.[20]

On April 22, 2016, West filed his *pro se* federal habeas petition.[21] West argues (1) his right to speedy trial under the Sixth Amendment and Ohio state law was violated; (2) his aggravated robbery conviction was not supported by sufficient evidence; and (3) a suggestive and unreliable "show up" identification violated his due process rights. [22]

On April 19, 2017, Magistrate Judge Kathleen B. Burke filed an R&R.[23] She recommends that the Court (1) dismiss in part and deny in part West's speedy trial argument; (2) deny West's insufficiency of evidence argument; and (3) dismiss West's due process argument.[24]

West objects to all three recommendations in the R&R.

## II. Legal Standard

The Federal Magistrates Act requires a district court to conduct a de novo review only of those portions of the R&R to which the parties have properly objected.[25]

---

[15] *Id*. at 137-38.
[16] *Id*.
[17] *Id*. at 182.
[18] *Id*. at 140-41.
[19] *Id*. at 143.
[20] *Id*. at 190.
[21] Doc. 1.
[22] Doc. 1-2 at 3, 6, 9.
[23] Doc. 8.
[24] *Id*.
[25] 28 U.S.C. § 636(b)(1).

-3-

Case No. 16-CV-965
Gwin, J.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") [26] controls habeas review of state court proceedings. AEDPA generally requires that a petitioner exhaust all of his available state court remedies before seeking habeas relief.[27] To satisfy the exhaustion requirement, the state courts must have "one full opportunity to resolve any constitutional issues."[28] A district court will not consider a habeas petitioner's "contentions of federal law . . . not resolved on the merits in the state proceeding due to [a petitioner's] failure to raise them there as required by state procedure."[29]

### III. Discussion

*Ground One*

Petitioner West first argues that his speedy trial right was violated. The Court agrees with the R&R that to the extent Petitioner raises a speedy trial argument under the Ohio Constitution and the Ohio Revised Code, the claim is not cognizable here.[30]

Petitioner argues that the violation of his rights under Ohio law creates a federal due process violation.[31] This Court disagrees.

Habeas relief may be available if an alleged error of state law subjected the petitioner to a "fundamentally unfair" criminal process.[32] Only when a state ruling "offend[s] some principle of justice so rooted in the traditions and conscience of our people" does it constitute fundamental unfairness.[33]

---

[26] 28 U.S.C. § 2254.
[27] 28 U.S.C. § 2254(b)(1)(A).
[28] *O'Sullivan v. Boerckel*, 526 U.S. 838, 838 (1999).
[29] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *see also Lundgren v. Mitchell*, 440 F.3d 754, 763–64 (6th Cir. 2006).
[30] *Estelle v. McGuire,* 502 U.S. 62, 68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").
[31] Doc. 11 at 3.
[32] *Williams v. Anderson,* 460 F.3d 789, 816 (6th Cir. 2006).
[33] *Bey v. Bagley,* 500 F.3d 514, 521 (6th Cir. 2007) (quoting *Montana v. Egelhoff,* 518 U.S. 37, 43 (1977)).

Case No. 16-CV-965
Gwin, J.

The state appellate court provided thorough analysis in denying Petitioner's claim under Ohio law.[34] This Court finds neither the state appellate court's process nor its decision to be "fundamentally unfair." Petitioner's due process rights were not violated.

Petitioner also argues that his federal speedy trial right was violated. This claim also fails.

Petitioner argues that federal law requires a trial within 90 days of his arrest. Federal law has no such requirement. Rather, courts weigh four factors in determining whether the speedy trial right has been violated.[35]

"[T]he Supreme Court articulated four factors that must be considered in determining whether the right to a speedy trial has been violated: (1) whether the delay was uncommonly long; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether prejudice resulted to the defendant."[36]

A threshold inquiry is whether the delay between arrest and trial is "uncommonly long."[37] Petitioner was incarcerated for 180 days before his trial. This delay is not uncommonly long. In fact, the Sixth Circuit has held similar periods of pre-trial incarceration to be reasonable.[38] Furthermore, Petitioner caused much of the delay because he requested continuances.[39] Time lapsed due to requested continuances is not relevant to Petitioner's speedy trial claim.[40]

---

[34] Doc. 6-2 at 121-26.
[35] *Maples v. Stegall*, 427 F.3d 1020, 1025 (6th Cir. 2005) (citing *Barker v. Wingo*, 407 U.S. 514, 533 (1972)).
[36] *Id*.
[37] *Id*.
[38] *See, e.g.*, *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000) ("A delay of five months is not per se excessive under the Sixth Amendment."); *United States v. White*, 985 F.2d 271, 275 (6th Cir. 1993) (finding that a six-and-one-half-month delay was not excessive); *United States v. Holyfield,* 802 F.2d 846 (6th Cir. 1986) (holding that a five-month delay was constitutionally permissible).
[39] Doc. 6-2 at 124-26. For example, Petitioner's trial counsel requested a continuance on February 13, 2014 for a later pretrial on March 27, 2014. *Id*. at 124. This approximately 40 day delay, among others, does not count toward Petitioner's speedy trial clock.
[40] *Howard*, 218 F.2d at 564 ("[O]nly those periods of delay attributable to the government or the court are relevant to [Petitioner's] constitutional claim").

Case No. 16-CV-965
Gwin, J.

Because Petitioner fails to carry his burden on this threshold issue, "judicial examination ends."[41] Accordingly, the Court **OVERRULES** Petitioner's objections to the R&R and **ADOPTS** the R&R on ground one.

*Ground Two*

Petitioner next argues that his aggravated robbery conviction was not supported by sufficient evidence. Again, to the extent Petitioner raises this argument under the Ohio Constitution, the claim is not cognizable here.[42]

The claim also fails under federal law. The Court evaluates Petitioner's claim under two levels of deference.

First, the Court considers "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[43]

Second, "even [if this Court concludes] that a rational trier of fact could *not* have found a petitioner guilty beyond a reasonable doubt . . . [this Court] must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable.[44]

Petitioner West argues that the lapse in time between the robbery and his brandishing a knife against the victim was too long to support an aggravated robbery conviction.[45] He argues that at the point he brandished the knife, he was no longer "fleeing."[46]

---

[41] *Maples*, 427 F.3d at 1025.
[42] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").
[43] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original); *see also Gipson v. Sheldon*, 659 F. App'x 871, 877 (6th Cir. 2016).
[44] *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing 28 U.S.C. § 2254(d)(2)) (emphasis in original).
[45] Doc. 11 at 4.
[46] *Id*. at 5.

This Court agrees with the state appellate court's analysis. The victim estimated that only three to four minutes passed between the theft and Petitioner's brandishing the knife against the victim.[47] Furthermore, Petitioner still had possession of the victim's stolen property when he brandished the knife.[48] A rational trier of fact had sufficient evidence to find Petitioner was fleeing when he brandished the knife and convict Petitioner of aggravated robbery.

Therefore, the Court **OVERRULES** Petitioner's objections to the R&R and **ADOPTS** the R&R on ground two.

*Ground Three*

Last, Petitioner West argues that a suggestive and unreliable "show up" identification violated his due process rights. Petitioner did not object to this evidence at trial. He first raised the issue on direct appeal. Because Petitioner did not raise the argument at trial, the state appellate court considered the argument under the plain error standard.[49]

Because Petitioner did not object to the evidence at trial, his last argument is procedurally defaulted.[50] The state appellate court's review of his claim for plain error does not preserve his argument for federal habeas review.[51]

Petitioner argues that because the state appellate court did not "clearly and expressly" state that its judgment rested on a procedural bar, his claim should proceed on the merits.[52]

---

[47] Doc. 6-2 at 129, 132-33.
[48] *Id*. at 133.
[49] *Id*. at 136.
[50] *Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006) (finding that failure to abide by Ohio's contemporaneous objection rule, which requires a party to preserve error for appeal by objecting at trial, is grounds for procedural default).
[51] *Cooey v. Coyle*, 289 F.3d 882, 897 (6th Cir. 2002) ("We note that wherever the Ohio Supreme Court conducted 'plain error' review in rejecting a claim as procedurally defaulted, we must likewise treat the claim as procedurally defaulted."); *see also Keith*, 455 F.3d at 673.
[52] Doc. 11 at 7 (citing *Frazier v. Huffman*, 343 F.3d 780, 791 (6th Cir. 2003) ("[A] procedural default does not bar consideration of a federal claim on habeas corpus review unless the last state court rendering a reasoned opinion in the case 'clearly and expressly states that its judgment rests on a state procedural bar.'")).

Case No. 16-CV-965
Gwin, J.

This Court disagrees. The state appellate court made clear that Petitioner's argument was procedurally defaulted. It noted that Petitioner "did not move to suppress the identification at trial and failed to object to its admission at trial."[53] "Nevertheless," the court then conducted a plain error review.[54] This Court views "a state appellate court's review for plain error as the enforcement of a procedural default. [55]

Accordingly, the Court **OVERRULES** Petitioner's objections to the R&R and **ADOPTS** the R&R on ground three.

### IV. Conclusion

For the above reasons, the Court **OVERRULES** Petitioner's objections to the R&R, **ADOPTS** the R&R, and **DENIES** Petitioner's § 2254 petition. Moreover, the Court certifies that no basis exists upon which to issue a certificate of appealability.[56]

IT IS SO ORDERED.

Dated: June 8, 2017   *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

---

[53] Doc. 6-2 at 135.
[54] *Id*.
[55] *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001) (citing *Seymour v. Walker,* 224 F.3d 542, 557 (6th Cir. 2000)).
[56] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).